COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-240-CR

 

 

MANUEL
RAMIREZ TREVINO                                                 APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Manuel Ramirez Trevino is attempting to
appeal the trial court=s judgment adjudicating him
guilty of causing bodily injury to a child and sentencing him to five years=
confinement pursuant to a plea bargain at adjudication.  On August 27, 2007, the trial court signed a
certification of Trevino=s right to appeal.  See Tex.
R. App. P. 25.2(a)(2).  The
certification states that Athe
defendant has waived the right of appeal.@  The trial court provided us a copy of Trevino=s
written waiver, signed by Trevino and his attorney, in which Trevino stated, AI give
up and waive any and all rights of appeal.@  Trevino filed a pro se notice of appeal on
June 21, 2007.

On August 31, 2007, we notified Trevino that the
certification indicating that he had waived the right to appeal had been filed
in this court and that we would dismiss this appeal unless he or any party
desiring to continue the appeal filed a response showing grounds for continuing
the appeal.  We have received no
response.

A
valid waiver of appeal will prevent a defendant from appealing without the
trial court=s consent.  Monreal v. State, 99 S.W.3d 615, 622
(Tex. Crim. App. 2003).  The trial court
did not consent to Trevino=s appeal in this case.  Accordingly, we dismiss the appeal.  See id.; see also Tex. R. App. P. 25.2(d) (providing that
an appeal must be dismissed unless the trial court=s certification shows
that the defendant has the right of appeal).

 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: October 4,
2007











[1]See Tex.
R. App. P.
47.4.